UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURIE ANN RAVINE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 15-cv-05215 BJR JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: November 20, 2015 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 11, 18).

After considering and reviewing the record, the Court finds that the ALJ did not provide specific and legitimate reasons supported by substantial evidence for giving little weight to the opinion of treating physician Dr. Kenneth Bakken, D.O., Dr.P.H. Had the

ALJ credited fully the opinion from Dr. Bakken, the residual functional capacity ("RFC") would have included additional limitations, and thus the error is not harmless.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, LAURIE ANN RAVINE, was born in 1957 and was 54 years old on the alleged date of disability onset of July 11, 2011 (*see* AR. 188-89). Plaintiff finished the 11th grade in high school, obtained her GED, and completed two associate of applied science degrees (AR. 34-35). Plaintiff was a city employee for fourteen years doing a number of different jobs including utility billing, accounts payable, and processing payroll (AR. 36-61), but she quit when her performance reviews were unfavorable (AR. 53-54).

According to the ALJ, plaintiff has at least the severe impairments of "fibromyalgia, back disorder, carpel tunnel syndrome, depression, and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c))" (AR. 12).

At the time of the hearing, plaintiff was living with her partner of more than ten years (AR. 70).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

| | |
|---|---|
| 1 | U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and |
| 2 | following reconsideration (*see* AR. 121-24, 126-30). Plaintiff's requested hearing was |
| 3 | held before Administrative Law Judge Wayne Araki ("the ALJ") on January 9, 2014 (*see* |
| 4 | AR. 27-87). On February 27, 2014, the ALJ issued a written decision in which the ALJ |
| 5 | concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 7- |
| 6 | 26). |
| 7 | On February 10, 2015, the Appeals Council denied plaintiff's request for review, |
| 8 | making the written decision by the ALJ the final agency decision subject to judicial |
| 9 | review (AR. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court |
| 10 | seeking judicial review of the ALJ's written decision in April of 2015 (*see* Dkt. 1). |
| 11 | Defendant filed the sealed administrative record regarding this matter ("AR.") on July 6, |
| 12 | 2015 (*see* Dkt. 9). |
| 13 | In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or |
| 14 | not the ALJ failed to appropriately weigh the medical evidence; (2) Whether or not the |
| 15 | ALJ failed to properly evaluate plaintiff's credibility; and (3) Whether or not the ALJ |
| 16 | relied on flawed vocational expert testimony (*see* Dkt. 11, pp. 1-2). Because this Court |
| 17 | reverses and remands the case based on issue 1, the Court need not further review other |
| 18 | issues and expects the ALJ to reevaluate the record as a whole in light of the direction |
| 19 | provided below. |
| 20 | // |
| 21 | // |

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)   Whether or not the ALJ failed to appropriately weigh the medical evidence.**

Plaintiff contends that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for discounting the opinion of treating physician Dr. Kenneth Bakken, D.O., Dr.P.H. (*see* Opening Brief, Dkt. 11, pp. 4-8). On November 15, 2012, Dr. Bakken completed a fibromyalgia impairment questionnaire for plaintiff (*see* AR. 272-77). In that questionnaire, Dr. Bakken opined that plaintiff was limited to sitting for two hours and standing or walking for one hour in an eight-hour workday, getting up and moving for five to ten minutes every fifteen minutes (*see* AR. 275). Dr. Bakken found that plaintiff could occasionally lift and carry up to twenty pounds and could frequently lift up to five pounds (*see id.*). He noted additional limitations of needing to avoid temperature extremes, noise, fumes, gases, humidity, heights, with no pushing, pulling, kneeling, bending, or stooping (*see* AR. 276-77). Finally, Dr. Bakken found that plaintiff was incapable of even "low stress" jobs, would

need to take three to four unscheduled work breaks per day, and would be absent more than three times a month (*see* AR. 275-76).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

When evaluating the weight to be given to a treating doctor, if the ALJ does not give controlling weight to the treating source's opinion, the ALJ will "apply the factors listed in paragraphs [20 C.F.R. § 404.1527](c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs [20 C.F.R. § 404.1527](c)(3) through (c)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(c)(2). Such factors include the length of the treatment relationship; the frequency of examination; the nature

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

and extent of the treatment relationship; supportability of the opinion; consistency of the opinion; specialization of the doctor; and, other factors, such as "the amount of understanding of [the] disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c).

   The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes, supra*, 881 F.2d at 751).

   In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642

F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, the ALJ gave little weight to Dr. Bakken's opinion because it relied heavily on plaintiff's subjective reports; because the medical record containing reports of normal grip strength, good muscle tone and bulk, and normal gait did not support the opinion; and because plaintiff reported that she was capable of basic daily activities (*see* AR. 19). None of these reasons is specific, legitimate, and supported by substantial evidence.[1]

First, according to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own

---

[1] The ALJ also discounted Dr. Bakken's opinion regarding plaintiff's mental impairments because mental status examinations in the record showed that she had only mild difficulty with concentration and no deficits in memory, fund of knowledge, or cognitive functioning (*see* AR. 19). Though the ALJ did not err in discounting Dr. Bakken's opinion for this reason, the reasoning only specifically applies to the opinion regarding mental limitations and therefore is not alone sufficient to discount Dr. Bakken's opinion regarding plaintiff's physical limitations.

observations"); *see also Edlund, supra*, 253 F.3d at 1159. According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan, supra*, 528 F.3d at 1199-1200).

Here, substantial evidence does not support the ALJ's assertion that Dr. Bakken's opinion was based heavily on plaintiff's subjective reports. On the questionnaire, Dr. Bakken listed multiple trigger points and decreased range of motion in the spine as "positive **clinical findings**" (AR. 272) (emphasis in original). Dr. Bakken also identified a 2006 MRI and multiple trigger points as laboratory and diagnostic test results that supported his diagnosis (AR. 273). Defendant argues that Dr. Bakken "referred to [p]laintiff's subjective complaints about her symptoms" in a letter written the day before he completed the questionnaire that listed the same symptoms (*see* Defendant's Brief, Dkt. 18, p. 5). However, that same letter explains how an MRI and physical examination informed Dr. Bakken's treatment plan for plaintiff's fibromyalgia since 2006 and fails to prove that Dr. Bakken relied too heavily on plaintiff's complaints in assessing her limitations (*see* AR. 279-80). Therefore, discounting Dr. Bakken's opinion for this reason was in error.

Second, an ALJ need not accept the opinion of even a treating physician if that opinion is inadequately supported "by the record as a whole." *See Batson*, 359 F.3d at 1195. However, the alleged inconsistency in the record is not supported by substantial evidence and does not address all of the limitations opined by Dr. Bakken. Though not cited by the ALJ, the alleged inconsistent examination results documenting normal grip

strength, good muscle bulk, and normal gait appear to come from the reports of examining physicians, whose records include numerous findings supporting Dr. Bakken's opined limitations (*see, e.g.*, AR. 383 ("noted to shift her position about every 5-10 minutes, occasionally standing to help alleviate pain") ("decreased strength in the left arm with flexion of the outstretched arm") ("limitation noted on flexion at the lumbar spine"), 384 ("multiple tender points at different locations"), 467 (positive Phalen's test)). Also, findings of normal grip strength, good muscle bulk, and normal gait in an examination do not necessarily contradict the limitations assessed for plaintiff's performance in an eight-hour workday, particularly with a diagnosis of fibromyalgia.[2] Furthermore, even if accepted as true, plaintiff having normal grip strength, good muscle bulk, and normal gait does not negate several of the limitations opined by Dr. Bakken that were not incorporated into the RFC, such as an inability to kneel, bend, or stoop (*see* AR. 16, 19). Therefore, the ALJ erred by discounting Dr. Bakken's entire opinion regarding plaintiff's physical limitations for this reason.

      Finally, an ALJ may reject a physician's opined limitations in part on the basis that other evidence of the claimant's ability to function, including reported activities of daily living, contradicted the opinion. *See Morgan, supra*, 169 F.3d at 601-02. However, the ALJ's assertion here that plaintiff's ability to care for her personal hygiene, prepare simple meals, shop for groceries, and drive a car contradicts Dr. Bakken's opinion is not

---

[2] As noted by Dr. Bakken, fibromyalgia is a "chronic central nervous system neurotransmitter disorder that is non-curable and has multiple *unpredictable* symptoms that are often severe and disabling" (AR. 277) (emphasis added).

supported by substantial evidence. These basic activities cannot be said to bear a meaningful relationship to the activities of the workplace. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Moreover, as actually described in the evaluations cited by the ALJ, plaintiff's daily activities support Dr. Bakken's opined limitations more than they contradict them. Dr. Bowes recorded that plaintiff cannot do anything for long because of pain, does not leave her house more than once a week, naps or watches TV for much of the day, cannot cook (making only cereal or oven-ready meals), and sees friends only once a month (*see* AR. 368). Dr. Elrod recorded similar findings, adding that plaintiff cannot use stairs, walk longer than one block, or sit longer than thirty minutes (*see* AR. 382). Therefore, the ALJ provided no specific and legitimate reasons supported by substantial evidence for discounting the opinion of Dr. Bakken.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

(*quoting Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (other citations omitted). Here, because the ALJ improperly discounted the opinion of Dr. Bakken in assessing plaintiff's RFC and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is the conflicting evidence remaining in the record regarding plaintiff's functional capacity. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 20, 2015**, as noted in the caption.

Dated this 28th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge